# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DARRYL E. SAYLES, | 3:08-CV-0088-ECR (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| CLARK COUNTY DETENTION CENTER, JOHN DOE #1, Officer, JOHN DOE #2, Nurse, JOHN DOE #3, Medical Dept. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendant's Motion for Summary Judgment. (Doc. #31.[1]) Plaintiff has failed to respond to Defendant's motion. After a thorough review, the court recommends that the motion be granted.

## I. BACKGROUND

This is an inmate civil rights complaint brought under 42 U.S.C. § 1983. At all relevant times, Plaintiff Darryl E. Sayles was an inmate in the custody of the Clark County Detention Center (CCDC). (Def.'s Mot. for Summ. J. 2 (Doc. #31).) In his complaint, Plaintiff names the

---

[1] Refers to the court's docket number.

CCDC and Doe Defendants I-III.[2] (Pl.'s Am. Compl. 2 (Doc. #8).) Plaintiff claims that Defendants subjected him to unconstitutional conditions of confinement in violation of the Eighth and Fourteenth Amendments. (*Id.* at 4.) Plaintiff alleges that Defendants forced him to sleep on the floor, a cot, or a mattress, even though he explained to a nurse that doing so would be detrimental to his prior back injury. (*Id.*) Plaintiff also alleges prison officials denied him adequate medical attention by failing to provide pain medication. (*Id.* at 5.) As a result of Defendants actions, Plaintiff claims he "suffered severe personal injuries to his back." (*Id.* at 9-10.)

## **II. LEGAL STANDARD**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute over the facts before the court. *Nw Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). All reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244 (1986)). Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c)). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996). In deciding whether to grant summary judgment, the court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). In doing so, the court must defer to the professional judgment of prison administrators when an

---

[2] Plaintiff has failed to amend his complaint to add the names of individuals alleged to have violated his constitutional rights. Generally, the use of Doe pleading is disfavored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). In circumstances where the identity of the alleged defendants is not known prior to the filing of a complaint, a plaintiff is given an opportunity through discovery to identify the unknown defendants. *Id.* Plaintiff has been given an opportunity through discovery to identify the individual defendants and has failed to participate in discovery. Thus, Plaintiff's allegations against Doe Defendants I-III should be dismissed.

1 inmate civil rights complaint is involved. *Beard v. Banks*, 548 U.S. 521, 530 (2006); *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson,* 477 U.S. at 248. Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(c).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

### III. DISCUSSION

Plaintiff alleges that Defendants subjected him to unconstitutional conditions of confinement by requiring him to lie on the floor, a cot, or a mattress, and by denying him pain medication for his back injury. (Pl.'s Am. Compl. 4-6.) Plaintiff argues that Defendants were aware of his back injury but nevertheless forced him to endure conditions that caused him pain. (*Id.*)

/ / /

1  Defendant CCDC argues that Plaintiff fails to provide evidence showing that any
2  individual subjected him to unconstitutional conditions of confinement and that Plaintiff fails
3  to establish a basis for municipal liability. (Def.'s Mot. for Summ. J. 6-9.)

4  Under the Eighth Amendment, prison conditions should not "involve the wanton and
5  unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime
6  warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner can
7  establish an Eighth Amendment violation arising from deficient medical care if he can prove
8  that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble*,
9  429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two
10 elements: the seriousness of the prisoner's medical need and the nature of the defendant's
11 responses to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). A "serious"
12 medical need exists if the failure to treat a prisoner's condition could lead to further injury or
13 the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). Examples
14 of conditions that are "serious" in nature include an injury that a reasonable doctor or patient
15 would find important and worthy of comment or treatment, a medical condition that
16 significantly affects an individual's daily activities, or the existence of chronic and substantial
17 pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.
18 2000).

19  If the medical needs are serious, the plaintiff must show that the defendants acted with
20 deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. The plaintiff must demonstrate
21 that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer*
22 *v. Brennan*, 511 U.S. 825, 837 (1994). "Prison officials are deliberately indifferent to a
23 prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical
24 treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the
25 medical needs of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt*
26 *v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). "Deliberate indifference
27 entails something more than mere negligence." *Farmer*, 511 U.S. at 835-36. Instead, it is only
28

4

present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 858 (1994)).

Defendant argues that Plaintiff fails to present evidence that his back injury constitutes "a serious medical need." The court agrees. Defendant points to the complete absence of evidence demonstrating that Plaintiff had a serious medical need or that any CCDC employee knew of and disregarded an excessive risk to the Plaintiff arising from that need. (Def.'s Mot. for Summ. J 8.) None of Plaintiff's grievances submitted at CCDC addresses his back injury or problems arising from laying on the floor, a cot, or mattress, (*Id.* Ex. I) and Plaintiff's medical records demonstrate that he received pain medications at CCDC (*Id.* Ex. H). This evidence directly controverts Plaintiff's allegations.

Moreover, Plaintiff has not presented sufficient evidence to hold CCDC liable as a municipality. Municipalities are "persons" under § 1983 and may be liable for causing a constitutional deprivation. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, a municipality may not be sued under § 1983 solely because an injury was inflicted by its employees or agents. *Id.* at 694. "[I]t is only when execution of a government's policy or custom inflicts the injury that the municipality as an entity is responsible." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). To impose liability against CCDC, a municipality, for its failure to act, Plaintiff must show: (1) an employee of Defendant violated Plaintiff's constitutional rights; (2) Defendant has customs or policies that amount to deliberate indifference; and (3) these customs or policies were the moving force behind the employee's violation of constitutional rights. *Id.* at 1186.

Defendant correctly points to Plaintiff's failure to present any evidence that CCDC maintained an unconstitutional policy, practice, custom, or scheme. (Def.'s Mot. for Summ. J. 7.) Plaintiff merely relies on the allegations in his complaint and has not provided any other evidence supporting municipal liability.

/ / /

Plaintiff has failed to provide any evidence supporting his claim that Defendants subjected him to unconstitutional conditions of confinement. As the moving party, Defendant CCDC has met its burden in putting forth evidence showing the absence of a genuine issue of material fact. Because Plaintiff, as the non-movant, has failed to produce evidence as to essential elements of his case, Defendant is entitled to summary judgment.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendant's Motion for Summary Judgment (Doc. #31). The claims against John Doe #1, Officer, John Doe #2, Nurse, and John Doe #3, Medical Dept. should be dismissed.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: November 18, 2009.

_____
UNITED STATES MAGISTRATE JUDGE